United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

ERICA L ZAPIEN,
Plaintiff,
v.
FCA US, LLC,
Defendant.

Case No. 25-cv-00387-BLF

**ORDER RE MOTIONS *IN LIMINE***

[Re: ECF Nos. 30, 31, 32, 33]

Before the Court are Defendant FCA US, LLC's ("FCA") four motions *in limine* ("MILs"). *See* ECF Nos. 30, 31, 32, 33. The Court held the Final Pretrial Conference on August 20, 2026, and issued oral rulings on FCA's MILs. *See* ECF No. 56. The Court subsequently issued an order setting trial schedule and procedures. *See* ECF No. 57. For the reasons stated by the Court on the record at the hearing and set forth below, the Court rules on FCA's MILs as follows.

## I. BACKGROUND

On or about September 20, 2021, Plaintiff Erica Zapien entered into a warranty contract with FCA regarding a new 2021 RAM 2500 (the "Subject Vehicle"). ECF No. 1-1 at ¶ 7. The warranty contract contained several express warranties covering various aspects of the Subject Vehicle. *Id.* at ¶ 8, Ex. A at 7–11.

Ms. Zapien alleges that during the warranty period, the Subject Vehicle began to manifest signs of potential defects and nonconformities to the warranty. *Id.* at ¶ 12. Ms. Zapien asserts that

United States District Court
Northern District of California

she presented the Subject Vehicle to FCA's authorized service representatives, but after a number of attempts, they were unable to repair the nonconformities. ECF No. 21 at 3. On August 30, 2024, Ms. Zapien initiated this action in state court, alleging that FCA violated its express and implied warranty obligations. *See* ECF No. 1-1. Ms. Zapien's complaint alleges multiple violations of the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), California Civil Code §§ 1791.1, 1793.2(b), 1793.2(d).[1] *Id.* at ¶¶ 20–53. This action was removed to federal court on January 10, 2025. *See* ECF No. 1.

## II. LEGAL STANDARD

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "[R]elevant evidence is admissible unless another rule or federal law provides otherwise," while "irrelevant evidence is inadmissible." *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1077 (9th Cir. 2019); *accord* Fed. R. Evid. 402 (providing that relevant evidence is admissible unless precluded by the Constitution, federal statute, the federal rules of evidence, or a rule prescribed by the Supreme Court). Rule 401's "basic standard of relevance . . . is a liberal one." *Crawford*, 944 F.3d at 1077 (alteration in original) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587 (1993)). "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also* *United States v. LeMay*, 260 F.3d 1018, 1027 (9th Cir. 2001).

---

[1] Ms. Zapien's complaint also included a claim under Cal. Civ. Code § 1793.2(a)(3), but she has since withdrawn that claim. ECF No. 36 at 3.

## III. DISCUSSION

### A. MIL No. 1 to Exclude Reference, Evidence, Testimony, or Argument Relating to Complaints that Were Resolved After the First Repair Attempt

In its MIL No. 1, FCA moves to exclude argument and evidence of complaints concerning the Subject Vehicle that were resolved after the first repair attempt. ECF No. 30. FCA contends that under Cal. Civ. Code § 1793.2(d)(2), Ms. Zapien must prove that FCA's representatives failed to repair the Subject Vehicle "after a reasonable number of attempts." *Id.* at 2. Based on this requirement, FCA argues that evidence of one-time complaints would confuse the issues and mislead the jury. *Id.* In particular, MIL No. 1 seeks to exclude evidence of the following complaints: (1) the portion of Repair Order 115133 relating to the "throttle light turning on," (2) the portion of Repair Order 288741 pertaining to the Subject Vehicle's "horn honking on its own," (3) the portion of Repair Order 286834 concerning "the engine making noise and losing power," and (4) the related portion of Repair Order 288741, in which FCA's representative installed the part necessary to address the engine complaint. *Id.* at 3–4.

In opposition, Ms. Zapien argues that "[m]odern vehicle systems are interconnected" such that lay consumers often cannot tell whether multiple issues are caused by the same underlying defect. ECF No. 50 at 2–3. She further asserts that one-time complaints are independently relevant to her claims brought under Cal. Civ. Code §§ 1791.1, 1793.2(b). *Id.* at 3.

Under Cal. Civ. Code § 1793.2(d)(2), Ms. Zapien has the burden to prove that

> (1) the vehicle had a nonconformity covered by the express warranty that substantially impaired the use, value or safety of the vehicle (the nonconformity element); (2) the vehicle was presented to an authorized representative of the manufacturer of the vehicle for repair (the presentation element); and (3) the manufacturer or his representative did not repair the nonconformity after a reasonable number of repair attempts (the failure to repair element).

*Donlen v. Ford Motor Co.,* 217 Cal. App. 4th 138, 152 (2013), *as modified on denial of reh'g* (July 8, 2013).

FCA is correct that § 1793.2(d)(2) applies only to defects that were subject to multiple repair attempts. *Silvio v. Ford Motor Co.*, 109 Cal. App. 4th 1205, 1209 (2003), *as modified* (June 19, 2003) ("[T]he statute indicates that even where the defect is life-threatening, one opportunity to repair is not enough."). However, as Ms. Zapien notes, one-time complaints may be relevant for determining whether the Subject Vehicle was repaired "after a reasonable number of attempts." *See* ECF No. 50 at 2.

As was discussed at the hearing, modern vehicles are interconnected. So, seemingly unrelated issues, such as Ms. Zapien's horn complaints and throttle light complaints, may be caused by the same underlying electrical defect. Under those circumstances, evidence of Ms. Zapien's various complaints would be highly relevant to determining whether FCA repaired the source of the nonconformity after multiple attempts. *Cf. Robertson v. Fleetwood Travel Trailers of California, Inc.*, 144 Cal. App. 4th 785, 801 (2006) (upholding the jury's determination that the defendant "failed to repair the nonconformity after a reasonable number of attempts" where the defendant cured the source of the nonconformity but did not fix "the entirety of the problem"). If, in the alternative, the evidence presented tends to show that Ms. Zapien's one-time complaints were isolated incidents, unrelated to any other defect, then FCA may object to evidence of these complaints at trial.

The Court also agrees with Ms. Zapien that her one-time complaints are relevant to her claims under Cal. Civ. Code §§ 1791.1, 1793.2(b). To succeed on a claim under § 1791.1, otherwise known as the implied warranty of merchantability, plaintiffs must demonstrate (1) that the purchased goods were not "fit for the ordinary purposes for which such goods are used," (2) causation, and (3) damages. *Carver v. Volkswagen Grp. of Am., Inc.*, 107 Cal. App. 5th 864, 888–89 (quoting Cal. Civ. Code § 1791.1(a)(2)). Unlike § 1793.2(d)(2), the implied warranty of merchantability does not require the claimant to provide the defendant with multiple opportunities

to repair the alleged defect. *See id.* at 878 (clarifying that § 1791.1 does not require the plaintiff to "present the defective vehicle to an authorized representative . . . for repair and give the manufacturer a reasonable opportunity to fix the vehicle"). Therefore, evidence of one-time complaints is relevant to Ms. Zapien's § 1791.1 claim because it tends to prove whether the Subject Vehicle was fit for its ordinary purpose.

Section § 1793.2(b) similarly lacks any requirement that the alleged nonconformities were subject to multiple attempted repairs. Section § 1793.2(b) provides that where a vehicle does "not conform with the applicable express warranties, service and repair shall be commenced within a reasonable time" and the vehicle "shall be serviced or repaired so as to conform to the applicable warranties within 30 days." Cal. Civ. Code § 1793.2(b). Accordingly, evidence of one-time complaints may be relevant to determining whether FCA's authorized representatives commenced and completed the repairs within the required timeframe.

For these reasons, FCA's MIL No. 1 to exclude evidence of complaints that were repaired after one service attempt is DENIED without prejudice to reasserting the objection in response to specific evidence presented at trial.

**B. MIL No. 2 to Exclude Evidence, Testimony, or Argument Relating to Complaints that Plaintiff Did Not Present to FCA or FCA's Authorized Representatives**

MIL No. 2 seeks to exclude evidence and testimony of alleged defects that Ms. Zapien never presented to FCA or its authorized representatives. ECF No. 31. FCA asserts that under the Song-Beverly Act, Ms. Zapien was required to present her concerns to FCA or an authorized repair facility so that they could have a "reasonable opportunity to repair the vehicle." *Id.* at 2 (quoting *Oregel v. Am. Isuzu Motors, Inc.*, 90 Cal. App. 4th 1094, 1103 (2001)). FCA argues that allowing Ms. Zapien to admit evidence of defects that she never presented to a repair shop would mislead the jury and cause unfair prejudice. *Id.*

Ms. Zapien contends that FCA's argument fails because lay consumers are not responsible for "identify[ing] the technical cause of a" defect. ECF No. 51 at 2. Her opposition posits that a consumer may, for example, present an "engine noise" complaint to the manufacturer but lack the technical awareness and terminology necessary to identify the underlying "transmission" defect. *Id.* Ms. Zapien argues that consumers should not be faulted for failing to properly present such defects because it is the manufacturer's responsibility to identify and resolve the source of the consumer's complaint. *Id.* at 2–3. Accordingly, she asserts that evidence of unreported complaints should be admitted because it tends to prove whether she sufficiently presented the defects and whether the manufacturer made adequate repairs. *Id.* at 3. Ms. Zapien further maintains that evidence of unreported claims should be admitted because presentation is not a required element of the implied warranty of merchantability. *Id.* at 3.

Section 1793.2(d)(2)'s presentation element requires that the complaint "was presented to an authorized representative of the manufacturer of the vehicle for repair." *Donlen*, 217 Cal. App. 4th at 152. Where a plaintiff fails to present a complaint, she effectively deprives the authorized representative of the opportunity to make a "reasonable number of attempts" to repair the issue. *See* Cal Civ. Code § 1793.2(d)(2). Therefore, admitting this evidence risks misleading the jury by causing them to conflate defects that FCA's representatives were obligated to repair with defects that the representatives were entirely unaware of. For this reason, the Court agrees GRANTS FCA's MIL No. 2 as to Ms. Zapien's § 1793.2(d)(2) claim.

However, Ms. Zapien is correct that the implied warranty of merchantability does not require plaintiffs to present alleged defects to the manufacturer. *See* § 1791.1; *Carver*, 107 Cal. App. 5th at 878 (noting that while express warranty claims require the plaintiff to "present the defective vehicle to an authorized representative," implied warranty claims have no such requirement). Provided that the defects satisfy § 1791.1(c)'s durational requirements, evidence of

unreported defects may tend to prove whether the Subject Vehicle was fit for its "ordinary purposes." For these reasons, MIL No. 2 to exclude evidence of unreported complaints is DENIED as to Ms. Zapien's claim under § 1791.1, but without prejudice to reasserting the objection at trial.

### C. MIL No. 3 to Exclude Evidence, Testimony, or Argument Relating to Nonconformities in the Subject Vehicle that Arose Outside the Warranty Period

In its MIL No. 3, FCA moves to exclude evidence of "complaints, concerns, repairs, or maintenance visits . . . that arose outside the manufacturer's warranty period." ECF No. 32 at 2. FCA argues that the Song-Beverly Act excludes nonconformities that arose "outside the manufacturer's warranty period," making such evidence irrelevant. *Id.* at 2–3. FCA further maintains that allowing Ms. Zapien to admit evidence of out-of-warranty defects and maintenance visits would confuse the jury by artificially "inflat[ing] the repair history." *Id.* at 3. In opposition, Ms. Zapien contends that defects arising outside the warranty period can tend to prove whether prior repair attempts successfully cured the nonconformities and whether "latent defect[s] existed during the implied-warranty period." ECF No. 52 at 3.

The Court agrees with Plaintiff on two separate grounds. First, evidence that a defect was cured during the warranty period "but reappear[ed] at a later date is relevant to determining whether a fundamental problem in the vehicle was ever resolved." *Donlen*, 217 Cal. App. 4th at 149. Even where "a defect first appears after a warranty has expired," it "does *not* necessarily mean the defect did not exist when the product was purchased." *Id.* (emphasis in original). Therefore, "[p]ostwarranty repair evidence may be admitted on a case-by-case basis where it is relevant to showing the vehicle was not repaired to conform to the warranty during the warranty's existence." *Id.*

United States District Court
Northern District of California

Second, at this stage, the Court cannot determine which warranty periods apply to which nonconformities. The warranty contract included several express warranties. ECF No. 1.1 at ¶ 8, Ex. A at 7–11. These warranties ran for varying lengths of time and covered different parts of the Subject Vehicle. *Id.* Without additional evidence, the Court is unable to determine which warranty period applies to which alleged defect. Accordingly, FCA's MIL No. 3 to deny evidence of repairs or defects occurring outside the warranty period is DENIED without prejudice to reasserting it in response to specific evidence at trial.

**D. MIL No. 4 to Exclude Evidence, Testimony, or Argument on Recall Service Visits**

FCA's MIL No. 4 seeks to exclude testimony or argument that "characterize[s] recall-only service visits as attempts to repair" nonconformities where the Subject Vehicle "was presented solely for performance of a recall." ECF No. 33 at 2. FCA asserts that recall work may be performed regardless of whether a vehicle has the defect that triggered the recall, making the probative value of recall-only service visits negligible. *Id.* at 3–4. In particular, FCA moves to "exclude evidence of the following recalls: Y67 performed on January 30, 2023 (Repair Order #115133), 13A performed on August 7, 2023, and ZA3, Y43, and S43 performed on June 13, 2025 (Repair Order #297259)." *Id.* at 3.

In opposition, Ms. Zapien alleges that FCA's MIL No. 4 mischaracterized the January 30, 2023, and August 7, 2023, service visits because those visits were not limited to recall work. ECF No. 53 at 2. Ms. Zapien also argues that evidence of recall work is relevant because the recall campaigns may be related to the reported defects in the Subject Vehicle. *Id.* at 3.

The Court agrees that evidence of recall work may be relevant to Ms. Zapien's claims. As Ms. Zapien notes, whether the specified service visits were limited to recall work is a fact-specific inquiry for the jury to decide. Evidence of recall visits may also tend to prove whether the defects that triggered the recall were present in the Subject Vehicle. For example, as discussed during the hearing, one of the recall campaigns concerned "an engine-compartment fire risk associated with

the grid-heater relay." *Id.* at 3. Meanwhile, one of the complaints that Ms. Zapien allegedly presented to FCA's representative was a concern about a "burning odor." *Id.* The fire-related recall campaign may provide circumstantial evidence that the burning odor was caused by a defective grid-heater relay. For these reasons, FCA's MIL No. 4 to exclude evidence of recall-only visits is DENIED without prejudice to reasserting this objection at trial.

**IV. ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) FCA's MIL No. 1 to exclude evidence of complaints that were repaired after one service visit is DENIED without prejudice to reasserting the objection at trial.

(2) FCA's MIL No. 2 to exclude evidence of complaints that Ms. Zapien never reported to FCA's authorized representatives is GRANTED as to Ms. Zapien's claim under Cal. Civ. Code § 1793.2(d)(2) and DENIED without prejudice to reasserting the objection at trial as to Ms. Zapien's claim under Cal. Civ. Code § 1791.1.

(3) FCA's MIL No. 3 to exclude evidence of repairs and defects occurring outside the warranty period is DENIED without prejudice to reasserting the objection at trial.

(4) FCA's MIL No. 4 to exclude evidence characterizing recall-only service visits as repair attempts is DENIED without prejudice to reasserting the objection at trial.

(5) This order terminates ECF Nos. 30, 31, 32, 33.

**IT IS SO ORDERED.**

Dated: August 26, 2026

BETH LABSON FREEMAN
United States District Judge